## SOUTHERN MUTUAL INSURANCE COMPANY
### v. TURNLEY, trustee, et al.

1. Where a policy of fire insurance was issued to a husband designated generally as "trustee," and another, the former, if his wife was part owner of the property covered by the policy, had such an insurable interest therein as would authorize him, for her benefit, to join with the other person insured in an action upon the policy.

2. While it was not essential to the validity of an action upon an insurance policy, brought under section 3392 of the Code of 1882, to set out or attach a full copy of all which was written or printed upon such policy, the declaration ought to have contained or had attached thereto a copy of everything appearing upon the face and in the body of the policy, including all the stipulations embraced in that portion of the same above the signatures of the company's officers by whom it was executed; and where any of such stipulations constituted conditions precedent to the bringing of an action upon the policy, compliance with the terms of such stipulations, or satisfactory reasons for non-compliance, should have been alleged.

3. The policy sued on in the present case contained such stipulations, viz., those which in effect declared that in case the company did not elect to replace, repair or rebuild the property destroyed or injured, no action for the recovery of any claim upon the policy should be sustainable in any court of law or equity until after an award as to the amount of damage or loss had been made by arbitrators mutually chosen for that purpose. The declaration was defective in that it did not set forth the essential parts of the policy, or allege compliance with the stipulations above referred to, or state any reason for non-compliance therewith; but no question as to the insufficiency of the declaration was properly brought to this court for review.

4. As the policy tendered in evidence was apparently a different instrument from that described in the declaration, in that the latter was not alleged to contain certain conditions which were set forth upon the face and in the body of the former, the rejection of this evidence would have been warranted; but inasmuch as the defendant's plea treated the action as a suit upon the policy so tendered, admitting it in evidence was not a matter of which the defendant had any right to complain.

5. The evidence showing that an arbitration was actually had and an award rendered, the declaration was further defective in that it failed to set forth these facts. If the plaintiffs de-

sired to attack the award on the ground of fraud, or for any other reason, they should have done so by appropriate allegations.

6. Although the court below, without such allegations, admitted evidence tending to vitiate the award, no valid objections to such evidence are presented for consideration by this court.

7. It is too late to amend a declaration after a judgment thereon has been rendered, and a motion for a new trial is pending.

8. Though a fire insurance policy may stipulate that the insured shall furnish proofs of loss, yet if it also stipulates that in a certain contingency no action shall be brought upon the policy until after an award fixing the amount of the loss or damage, the insurance company will be held to have waived such proofs of loss, if, without receiving the same, it nevertheless enters with the insured into an arbitration for the purpose of ascertaining the amount of the loss.

9. A stipulation in a policy of fire insurance declaring in effect that in case of loss payment shall be made "sixty days after the claim has been allowed by the directors" of the insurance company, cannot be held to mean that an actual allowance of the claim by the directors is an indispensable prerequisite to the right of the insured to claim payment or bring his action on the policy. Given such a meaning, the stipulation would be unreasonable and contrary to public policy.

10. The evidence did not warrant any finding against the defendant for attorneys' fees and damages.

11. The foregoing notes cover the controlling principles of law applicable to the present case; and as it was not tried upon correct lines, there should, after appropriate amendments of the pleadings have been made, be another hearing in the light of what is here laid down.

Submitted June 15, 1896. Reargued February 15,—Decided February 26, 1897.

Action on insurance policy. Before Judge Harris. City court of Floyd county. December term, 1895.

*Dean & Dean*, for plaintiff in error.
*Reece & Denny*, contra.

SIMMONS, Chief Justice.

A house covered by a policy of insurance issued by the Southern Mutual Insurance Company to P. L. Turnley, trustee, and Mrs. J. F. Edmondson, was burned, and in pursuance of stipulations in the policy providing for an appraisement by arbitrators as to the amount of the loss, the

parties entered into a submission agreeing that an appraisement should be made by certain persons named in the submission, and that the appraisement should be binding. An appraisement was accordingly had, in which the cash value of the property at the time of the fire was found to be $1,818.03. The amount of insurance expressed in the policy was $2,000, but it was provided therein that the company should not be bound for more than three fourths of the actual cash value of the property at the time of the loss. This was before the act of 1895, requiring insurance companies to pay the full amount of loss up to the amount expressed in the policy. Some time after the appraisement was had, an action upon the policy was brought against the company by Turnley as trustee for his wife, and by Mrs. Edmondson, in which they sued for the full amount of the policy, and for damages on account of bad faith, and attorney's fees. In the declaration no reference was made to the appraisement; but the insurance company having pleaded it in bar, the plaintiffs introduced evidence at the trial by which they sought to show that the arbitration had not been fairly conducted. There was a verdict for the plaintiffs for $1,854 principal, besides interest, ten per cent. damages, and ten per cent. attorney's fees. The insurance company made a motion for a new trial upon numerous grounds, and the motion being overruled, it excepted.

1. One of the questions in the case was whether Turnley had, as trustee, such an insurable interest in the property as would authorize him to maintain an action upon the policy; it being contended on the part of the defendant that the effect of the deed under which Turnley was acting as trustee for his wife, and which was made since the enactment of the married woman's law of 1866, was to pass the legal title directly to her. On this subject we deem it sufficient to call attention to a section of the code which appears to have been overlooked in the argument of the case, and which declares that "a husband . . . may insure the sep-

arate property of his wife . . . , the recovery being held by him in trust for" her. Civil Code, §2090.

2-6. None of the questions as to the sufficiency of the declaration which were raised in the court below were properly brought before us for review. As, however, there is to be a new trial, and as it should be had upon proper pleadings, we shall deal briefly with this part of the case. In the first place, we think the declaration was defective in failing to set forth essential parts of the policy. The declaration purported, in an exhibit thereto, to set forth a copy of "what appears upon the face and in the body of the policy"; but, as was disclosed when the policy itself was offered in evidence, stipulations and conditions forming a part of the policy and preceding the signatures of the officers executing it, were omitted. The part set out in the declaration and exhibit was merely that portion which stated that the insurance company, in consideration of a certain premium, insured the persons to whom the policy was issued, against loss or damage by fire on the property described, to a certain amount for a designated period. It was contended on the part of the plaintiffs that, under §3392 of the Code of 1882, this was all they were required to set out. That section is as follows: "The form of action to recover money on an insurance policy may be the same as is prescribed in the preceding section, and it shall not be necessary to set forth, in the body of the declaration, allegations of conditions other than may be embraced in the form prescribed in said section; nor shall it be necessary to attach a copy of what may be written or printed upon the face of the policy, except what appears upon the face and in the body of the policy." The form of action prescribed in the section referred to as "the preceding section" is a form for the recovery of money on a note, bill, bond, receipt or written promise of any description; and, according to that form, the plaintiff need not, in the body of the declaration, set out the conditions of the contract; but he is required to add a copy of

the writing sued on. The section relating to actions on insurance policies, as we have seen, dispenses with the setting forth of a portion of the matter which is sometimes written or printed upon policies, but requires that a copy of "what appears upon the face and in the body of the policy" should be attached. We see no reason for supposing that the terms "the face" and "the body," as applied to insurance policies, mean anything less than they would if applied to contracts other than insurance policies. If these words had been used with reference to a deed or other contract signed by the maker, they would be understood as covering what preceded the maker's signature; and we think the same is true as to insurance policies. We think they include all the stipulations embraced in that part of the policy which precedes the signatures of the officers by whom it is executed. In the new code (which was adopted since this action was brought) the sections here referred to are not retained, though a portion of the same matter will be found in Civil Code, §4963, which provides: "Copies of contracts, obligations to pay, or other writings should be incorporated in or attached to the petition in all cases in which they constitute the cause of action, or the relief prayed for must be based thereon. In suits to recover money on an insurance policy it shall not be necessary to attach a copy of what may be written or printed upon the policy, except what appears upon the face or in the body of the policy." As the policy tendered in evidence was apparently a different instrument from that described in the declaration, in that the policy tendered contained upon the face and in the body thereof stipulations and conditions not contained in the exhibit attached to the declaration, which purported to be a copy of what appears upon the face and in the body of the policy sued on, the rejection of the evidence would have been warranted. The defendant, however, is in no position to complain that the policy was not rejected when objected to on this ground, inasmuch as the conditions therein which it was

contended were a variance from the policy sued on were set up in the defendant's plea as a part of that policy.

As we have seen, the plaintiffs, in bringing their action, ignored the appraisement. The provisions of the policy relating to appraisement, so far as here material, are as follows: "In case of any loss on, or damage to, the property herein described, it shall be optional with the company to rebuild or repair the building or buildings within a reasonable time; . . and if the company shall elect not to repair or replace the building, the damage of the property shall be ascertained by appraisement of the same, by persons mutually chosen for that purpose. It is hereby covenanted and agreed that no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity, until after an award has been obtained in the manner herein provided." These are valid stipulations constituting conditions precedent to a recovery. *Creighton* v. *Insurance Company*, 51 *Ga.* 95; Am. & Eng. Enc. Law (2 ed.), Arbitration, p. 573 et seq., and authorities cited. In the work here referred to it is said: "Where a contract contains a stipulation, not that all the questions arising thereunder . . shall be submitted to arbitration, but that the decision of arbitrators upon a certain question or questions, . . as to the amount of loss or damage, and the like, shall be a condition precedent to the right of action upon the contract itself, no fixed sum being stated in the contract, such stipulation will be enforced, because the parties to a contract have a right to adopt whatever method they see fit for determining such questions; and until the method adopted has been pursued or some sufficient reason given for not pursuing it, no action can be brought upon the contract." Compliance with these provisions of the policy being a condition precedent to recovery, such compliance ought to have been alleged, and an arbitration and award having been actually had, the declaration, being for an amount greater than the amount of the award, ought to

have contained allegations showing that the plaintiffs were not bound by it. 4 Enc. of Pleading & Practice, "Conditions Precedent," 640-642; 4 Joyce on Insurance, §3263. Arbitrations are favored by the law, and awards will always be upheld unless they are the result of misconduct of the arbitrators, corruption, palpable mistake of law or fact, or fraud. Every presumption is in favor of the award, and a direct attack must be made upon it in the proper court and upon proper pleadings before it can be impeached. Under the system of procedure in this State, we think this could be done upon an action upon the policy, without first resorting to a separate proceeding to set aside the award.

Under the declaration as it stood, the plaintiffs were not entitled to introduce evidence for the purpose of attacking the award as the court permitted them to do in this case. The motion for a new trial contains two grounds in which complaint is made of the admission of such evidence, but in one of these grounds it is not stated that the evidence therein set out was objected to at the trial, and in the other the evidence objected to is not set out; so that, as we have repeatedly ruled, they are not in proper shape for consideration by this court.

7. After verdict and judgment, and pending the motion for a new trial, the court, over objection by the defendant, permitted the plaintiffs to amend their declaration by alleging that the defendant had waived certain stipulations of the policy. There must be some limit as to the time of amendment, and although our law is quite liberal on this subject, the code providing that amendments may be made "at any stage of the cause" (Civil Code, §5997), we do not think this means that they may be made after the case has been tried and a judgment rendered therein which has not been set aside or vacated.

8. The policy contains stipulations as to the furnishing of proofs of loss by the insured, and one of the defenses set up by the insurance company was that such proofs had not

been furnished. In view, however, of the stipulations above quoted, to the effect that in the contingency therein stated no action should be brought upon the policy until after an award fixing the amount of loss or damage, the insurance company is to be treated as having waived such proofs of loss, if without receiving them it nevertheless entered with the assured into an arbitration for the purpose of ascertaining the amount of the loss. Its doing this was a manifestation of an intention on its part to dispense with preliminary formalities; and upon this manifestation of intention the assured had a right to rely. See on this subject: Home Fire Ins. Co. v. Bean, 47 Am. State Rep. (Neb.) 716; London Fire Ins. Co. v. Storrs, 71 Fed. Rep. 127; Carroll v. Ins. Co., 72 Cal. 297, 13 Pac. Rep. 863; Bammessel v. Brewers Fire Ins. Co., 7 Ins. L. J. 767; Walker v. German Ins. Co. of Freeport, 51 Kan. 725; German-American Ins. Co. v. Etherton, 25 Neb. 505; 4 Joyce on Insurance, §3261.

9. Another stipulation relied upon by the defendant as a defense to the action was one to the effect that, in case of loss, payment should be made "sixty days after the claim has been allowed by the directors" of the company. The probable meaning of this is that the company shall, after a claim has been allowed by the directors, have sixty days within which to pay the same. At any rate, it cannot be held to mean, as counsel for the defendant contended it did, that an actual allowance of the claim by the directors is an indispensable prerequisite to the right of the insured to claim payment or bring his action on the policy. If given such a meaning, it would clearly be unreasonable and contrary to public policy. It would amount to leaving it to the officers of the company to violate the contract as they might see fit, without any redress on the part of the insured.

10. The recovery of damages and attorney's fees in an action of this kind is authorized only where it is made to appear that the refusal of the insurance company to pay the loss was in bad faith. (Civil Code, §2140; Code of 1882,

§2850.) We think the evidence fails to show bad faith on the part of the defendant. The plaintiffs claimed the full amount of the policy, and the jury found that the defendant was warranted in resisting this claim, the amount found by them as due under the policy being considerably less than the amount claimed. The defendant relied upon an award, which, according to the testimony of several witnesses at the trial, was ample in amount, and to which no objection on the ground of unfairness in the conduct of the appraisement was brought forward by the plaintiffs until the trial of this action. According to the testimony of Griffith, a director and adjuster of the defendant, who had the matter in charge, he prepared, and endeavored to have the assured sign, a proof of loss made out in accordance with the award, which he presented to Turnley and the husband of Mrs. Edmondson, who was representing her in the matter, and they refused to sign. This was not denied. The plaintiffs did deny that there was an offer on the part of the company to pay the amount of the award, but the company could hardly be considered as guilty of bad faith in not making an offer which it was given to understand would not be accepted.

11. It is complained that the court, in charging the jury, enumerated certain things as essential to a recovery, and without making any reference to the requirements touching appraisement, or to the award, added that, these things being shown, if nothing else appeared, the plaintiffs would be entitled to recover. Various other portions of the charge were also complained of. Being satisfied upon a consideration of the whole record that the case was not properly tried and that a new trial should be had, and sufficient having been already said in this opinion to indicate our views upon the controlling questions presented, we do not deem it necessary to deal specifically with these exceptions.

*Judgment reversed. Lumpkin, P. J., and Fish, J., concurring; the other three Justices disqualified.*