## REAL ESTATE BANK & TRUST CO. *v.* BALDWIN LOCOMOTIVE WORKS.

HILL, J. 1. The sections of the Civil Code in regard to amendment are to be construed together; and the section which authorizes an amendment in equity in lieu of a supplemental bill, construed in connection with the section which provides that amendments may be made at any stage of the cause, does not contemplate the allowance of an amendment after final termination of the trial.

2. Where an action of trover was brought, in which the plaintiff and the defendant each filed an equitable amendment to his pleadings, respectively setting up equitable rights in case the pleader did not have perfect legal title to the property, and where a verdict was rendered in favor of the plaintiff for the property, "to be discharged upon the payment of" a specified amount, and thereafter a motion for a new trial was overruled, and a bill of exceptions was tendered and signed for the

purpose of having the judgment in the trial court reviewed by the Supreme Court, it was too late to file an amendment seeking to obtain an injunction to restrain the defendant from selling the property while the case was pending in the Supreme Court. *Southern Mutual Insurance Co.* v. *Turnley*, 100 *Ga.* 296 (27 S. E. 975); *Cureton* v. *Cureton*, 120 *Ga.* 559 (2), 565 (48 S. E. 162).

*Judgment reversed. All the Justices concur.*

APRIL 13, 1916.

Injunction. Before Judge. Charlton. Chatham superior court. August 21, 1915.

*E. S. Elliott* and *G. H. Richter*, for plaintiff in error.

*H. W. Johnson*, contra.