### 17591.   VANDALSEM *v.* CALDWELL.

BELL, J.   1. In *Vandalsem* v. *Caldwell,* 33 *Ga. App.* 88 (125 S. E. 716), this court held that the petition in this case set forth a cause of action and that the general demurrer thereto was properly overruled. It necessarily follows from the rulings then made, which are now binding as the law of the case, that, even if the defect in the affidavit to foreclose the depositary's lien might have been cured by an amendment offered in time, where no amendment was offered until after the property had been improperly disposed of under the defective process and the owner had brought suit against the depositary for the resulting damage, it was then too late to amend the affidavit of foreclosure so as to relieve the depositary from liability. Compare Civil Code (1910), §§ 5702, 5706; *Southern Mutual Ins. Co.* v. *Turnley,* 100 *Ga.* 296 (7) (27 S. E. 975); *Real Estate Bank & Trust Co.* v. *Baldwin Locomotive Works,* 145 *Ga.* 105 (2) (88 S. E. 584).

2. The court did not err in disallowing the proffered amendment, nor in directing a finding in favor of the plaintiff on the question of liability, nor in thereafter refusing the defendant's motion for a new trial.

3. The motion of the defendant in error to award damages against the plaintiff in error on the theory that the case was brought to this court for delay only can not be sustained.

   *Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 16, 1927.

Damages; from Colquitt superior court—Judge W. E. Thomas. June 26, 1926.

*James L. Dowling,* for plaintiff in error.

*Waldo DeLoache,* contra.

Appeal and Error, 4 C. J. p. 1093, n. 77.
Costs, 15 C. J. p. 285, n. 41.
Pledges, 31 Cyc. p. 884, n. 60 New.