## 42732.   WRIGHT v. CECIL A. MASON CONSTRUCTION COMPANY.

BELL, Presiding Judge. In this suit to recover for the breach of a construction contract, a copy of the contract incorporated in plaintiff's petition contained the following provision: "Any disagreement arising out of this contract or from the breach thereof shall be submitted to arbitration, and judgment upon

the award rendered may be entered in the court of the forum, state or federal, having jurisdiction. It is mutually agreed that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other. The arbitration shall be held under the Standard Form of Arbitration Procedure of the American Institute of Architects or under the Rules of the American Arbitration Association." The trial court sustained defendant's general demurrer to the petition, basing its judgment on the premises that under the quoted provision arbitration was a condition precedent to plaintiff's right of action and that plaintiff's amended petition failed to show either compliance with the condition, excuse for non-compliance, or a waiver of the condition by defendant.

1. "Where a contract contains a stipulation, not that all the questions arising thereunder . . . shall be submitted to arbitration, but that the decision of arbitrators upon a certain question or questions . . . as to the amount of loss or damage, and the like, shall be a condition precedent to the right of action upon the contract itself . . . such stipulation will be enforced, because the parties to a contract have a right to adopt whatever method they see fit for determining such questions; and until the method adopted has been pursued or some sufficient reason given for not pursuing it, no action can be brought upon the contract." *Southern Mut. Ins. Co. v. Turnley*, 100 Ga. 296, 301 (27 SE 975). See also: *Liverpool &c. Ins. Co. v. Creighton*, 51 Ga. 95, 110; *Adams v. Haigler*, 123 Ga. 659, 665 (51 SE 638); *Goldberg v. Provident Washington Ins. Co.*, 144 Ga. 783, 787 (87 SE 1077); *Millican Electric Co. v. Fisher*, 102 Ga. App. 309, 311 (116 SE2d 311); 5 AmJur2d 535, Arbitration and Award, § 20. However, the principle stated in *Turnley*, supra, is not applicable here, for in this case the contract provided that all matters in dispute arising out of the contract must be submitted to arbitration. "According to numerous decisions a general agreement to arbitrate *all questions* which may arise in the execution of a contract, both as to liability and loss, should be treated as against public policy and void, as an attempt to oust the courts of jurisdiction." *State Hwy. Dept. v. MacDougald Constr. Co.*, 189 Ga. 490, 504 (6 SE2d 570). More accurately stated, the rule which obtains in this state is that "A common-law agreement . . . to submit the validity and

effect of a contract, or to submit all matters in dispute, to arbitration, may be revoked by either party at any time before the award." *Parsons v. Ambos,* 121 Ga. 98, 101 (48 SE 696). See also: *Gettys v. Mack Trucks, Inc.,* 107 Ga. App. 694 (2) (131 SE2d 205); 5 AmJur2d 547-548, Arbitration and Award, § 36.

As the agreement to arbitrate here was subject to revocation by plaintiff and therefore unenforceable in the absence of a prior award rendered pursuant to the agreement, the trial court erred in sustaining defendant's general demurrer to the petition.

2. The ruling of the court sustaining defendant's imperfect special demurrer and striking plaintiff's amendment was harmless since the matter stricken was mere surplusage.

*Judgment reversed. Jordan and Pannell, JJ., concur.*

Submitted April 4, 1967—Decided April 17, 1967— Rehearing denied May 17, 1967.

*Preston L. Holland,* for appellant.

*Hitch, Miller, Beckmann & Simpson, John E. Simpson,* for appellee.