65432. WALLER v. SEABOARD COAST LINE RAILROAD COMPANY.

DEEN, Presiding Judge.

Robert A. Waller, Jr. brought an action against the Seaboard Coast Line Railroad Co. alleging wrongful discharge and contends that the trial court erred in granting summary judgment in favor of the railroad. *Held:*

The record shows that appellee's general counsel filed an affidavit in support of the motion which had certain exhibits attached. The first was appellant's application for employment with the railroad and the second was a copy of an agreement between the National Carriers Conference Committee and the Brotherhood of Maintenance of Way Employees. Appellant filed counter-affidavits which stated that subsequent to his termination he submitted his wrongful discharge to the union (he does not specify the name of the union and it was not a party to the action) and it failed to take any action upon his grievance, that he worked for the railroad for three days before he was terminated, that he was not a member of the union and therefore not protected by any collective bargaining agreement, that he accepted his discharge from the railroad as final and had not requested reinstatement and that he was never informed that the railroad hired more employees than it had vacancies with the objective of placing the most experienced individuals in these positions.

Above his signature, on the last page of the application, the following paragraph appears: "I understand and agree that my employment is temporary, subject to final approval by the Company, and that my application can be rejected by the Company at their discretion, and no claim shall accrue to me against the company for such separation." Article XI, Section 1 of the collective bargaining agreement provides: "Probationary Period. Applications for employment will be rejected within sixty (60) days after seniority date is established, or applicant shall be considered accepted. Applications rejected by the carrier must be declined in writing to the applicant."

Appellant began work on March 11, 1980 and the railroad's Personnel Director sent him a letter terminating his employment on March 26, 1980. In his complaint, appellant contends that his

employment was wrongfully terminated because he suffered an on-the-job injury. The railroad answered stating that appellant walked off the job without permission and never informed anyone of his injury.

Where two unions enter into negotiations with a view to obtaining a single joint contract between them and the defendant railroad, "[t]he contract which resulted from these negotiations was binding on all members of the crafts represented, whether members of the union or not and regardless of whether the individual trainman was employed by defendant at the time of the execution of the contract or entered the employ of defendant during the life of the contract. [Cits.]" Shipley v. Pittsburgh & L. E. R. Co., 83 FSupp. 722, 733 (1949).

The Railway Labor Act, in 45 USCA § 153, (i), sets forth mandatory provisions for the processing of grievances: "The disputes between an employee or group of employees and a carrier or carriers growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions, including cases pending and unadjusted on June 21, 1934, shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to the appropriate division of the Adjustment Board with a full statement of the facts and all supporting data bearing upon the disputes."

In Andrews v. Louisville & Nashville R. Co., 406 U. S. 320 (92 SC 1562, 32 LE2d 95) (1972), the court held that a "wrongful discharge" action is not exempt from the Act's mandatory provisions for the processing of grievances. Appellant's claim is therefore subject to the Act's requirement that it be submitted to the National Railroad Adjustment Board for review. There is no evidence that he has followed this procedure.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 8, 1983 —
REHEARING DENIED FEBRUARY 21, 1983 —

*Billy E. Moore,* for appellant.
*Harry P. Dicus,* for appellee.