67020. POPE et al. v. CONTINENTAL AUGUSTA WOODLANDS, INC.

CARLEY, Judge.

Appellant-sellers and appellee-purchaser entered into a timber purchase contract. Subsequently, a dispute arose concerning the manner in which appellee was computing appellants' "cord credit account," which account reflected the amount of timber cut on the property and which also served as the basis for determining the compensation to be paid to appellants. Essentially, appellants insisted that, for purposes of computing their cord credit account, the contract required that certain types of cut timber be measured by the Scribner Decimal C. Scale, a volumetric measure. Appellee agreed that the original contract required that the Scribner Decimal C. Scale be employed in making the calculations for appellants' cord credit account. However, appellee took the position that, as contrasted to the Scribner Decimal C. Scale of measurement specified under the terms of the original contract, "weight scaling is both a state of the

art, good forestry practice and the customary commercial logging practice in the Southeast." When appellants refused to authorize a change from the volumetric measurement required by the contract to the weight measurement proposed by appellee, appellee made the determination that this measurement controversy was a "dispute" within the ambit of the arbitration provisions of the original contract. Accordingly, appellee notified appellants that it was independently invoking those arbitration provisions so as to resolve the measurement dispute.

Appellants responded to appellee's independent invocation of the arbitration provision by filing the instant declaratory judgment action. Appellants sought a declaration that the parties' measurement controversy was not a contemplated arbitrable "dispute" within the scope of the arbitration provision of the contract and that appellee was accordingly not authorized to have the controversy resolved by arbitration but was instead required to adhere to the Scribner Decimal C. Scale as called for in the original contract. Appellee answered the declaratory judgment petition and, on the same day, also filed a motion for a stay of appellants' action pending arbitration of the dispute. The trial court granted appellee's motion and ordered the declaratory judgment action stayed until such time as the arbitrators could determine "whether the method to be used to measure the quantity of timber taken from the subject lands is or is not arbitrable under the contract . . . " The trial court certified the stay order for immediate review and appellants' application for an interlocutory appeal was granted. See *Phillips Constr. Co. v. Cowart Iron Works,* 250 Ga. 488 (299 SE2d 538) (1983).

"[U]nder state law an arbitration provision that limits its applicability to questions such as the amount of loss or damage and requires arbitration as a condition precedent to a right of action upon the contract itself will be enforced. [Cits.]" *CCC Builders v. City Council of Augusta,* 237 Ga. 589, 591 (229 SE2d 349) (1976). When legal proceedings have been instituted to resolve a dispute which is otherwise within the permissible scope of an arbitration agreement, a stay of the legal proceedings is a proper remedy to seek enforcement of the arbitration agreement. *Paine, Webber, Jackson & Curtis v. McNeal,* 143 Ga. App. 579, 580 (3) (239 SE2d 401) (1977). Thus, a motion to stay proceedings pending arbitration is essentially the invocation of a ruling on the underlying enforceability of the arbitration agreement as against the other party's right to have the dispute resolved in the legal proceedings he has instituted. "[I]f the arbitration clause is enforceable, the stay will issue; if it is not enforceable, the stay will not issue." *Pace Constr. Corp. v. Houdaille &c. Indus.,* 245 Ga. 696, 697 (266 SE2d 504) (1980). In other words, a

stay of legal proceedings pending arbitration should be granted only upon the determination that the dispute is clearly an arbitrable issue within the scope of the arbitration agreement. A party is not required "to submit to arbitration any dispute which he has not agreed to so submit. [Cits.]" *CCC Builders v. City Council,* supra at 593.

The issue which appellants sought to have resolved in the instant legal proceedings was whether the contractual controversy which existed between the parties over the proper measurement to be employed was a "dispute" within the ambit of the arbitration provisions of their contract, as appellee contended, or was not an arbitrable "dispute," as appellants contended. Thus, only if this disagreement over the scope and enforceability of the arbitration provisions of the contract were *itself* an arbitrable issue would the stay of appellants' effort to obtain a legal resolution of the parties' contractual controversy have been authorized. Otherwise, granting a stay of appellants' declaratory judgment proceedings pending arbitration would have the erroneous effect of requiring them to submit to arbitration a "dispute which [they had] not agreed to so submit." *CCC Builders v. City Council,* supra at 593.

Our review of the contract demonstrates nothing to indicate that the interpretation of the permissible scope and enforceability of its arbitration provisions was itself contemplated as an arbitrable "dispute." There is nothing in the arbitration agreement which would authorize the trial court to require appellants to submit to arbitration the issue of whether the measurement disagreement was an arbitrable "dispute." Thus, the scope of the arbitration agreement was clearly a legal issue, not an arbitrable one. The interpretation of contracts is a matter for the court and, in the absence of an agreement requiring that an issue concerning the interpretation of an arbitration clause be submitted to arbitration, appellants were erroneously denied the opportunity to proceed to a resolution of the parties' contractual disagreement in the context of their declaratory judgment action.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 17, 1984.

*Thomas W. Tucker, A. Zachry Everitt,* for appellants.
*Charles C. Stebbins III,* for appellee.