## 71861. SAVANNAH TRANSIT AUTHORITY v. LEDFORD.
(345 SE2d 915)

CARLEY, Judge.

Appellee was discharged from his employment with appellant. In certain respects, appellee's employment was covered by a collective bargaining agreement between appellant and appellee's union. The agreement contained a procedure for review of "grievances" and arbitration of those grievances which remained unsettled after review by appellant's chairman. Appellee initiated grievance procedures by filing a request for review of his dismissal. The decision to discharge appellee was affirmed by appellant's chairman. Eighteen months later, appellee requested arbitration. Appellant refused to arbitrate. Appellee then filed the instant civil action in superior court, seeking damages for wrongful discharge. No other relief was sought. Appellant answered and subsequently moved for summary judgment. The trial court denied appellant's motion for summary judgment and, in the same order, dismissed appellee's complaint sua sponte and ordered the parties to proceed with arbitration. Appellant appeals from the trial court's multi-faceted order.

1. It was the trial court's conclusion that there existed a viable remedy in the form of arbitration that prompted its sua sponte order dismissing appellee's complaint and directing that the parties resort to that remedy. Appellant urges that this conclusion and the resulting orders were erroneous.

"Under the Federal Arbitration Statute (9 USC § 1 et seq.) a broad arbitration provision (invalid under state law) in a contract involving interstate commerce is valid, irrevocable and enforceable. [Cits.]" *CCC Bldrs. v. City Council of Augusta*, 237 Ga. 589, 591 (229 SE2d 349) (1976). However, there is nothing in the instant case to show that the arbitration agreement given force by the trial court is controlled by federal rather than by state law. Compare *Waller v. Seaboard Coast L. R. Co.*, 165 Ga. App. 490 (301 SE2d 654) (1983). "A broad arbitration clause stating that any disagreement arising with reference to the contract shall be referred to arbitration is not enforceable under state law. [Cits.] Such a clause is against public policy and is void as an attempt to oust the courts of jurisdiction. However, under state law an arbitration provision that limits its applicability to questions such as the amount of loss or damage and requires arbitration as a condition precedent to a right of action upon the contract itself will be enforced. [Cits.]" *CCC Bldrs. v. City Council*, supra at 591. If the instant arbitration agreement is controlled by State rather than by federal law, there is nothing whatsoever to show whether it would be considered so broad as to be deemed void or so limited as to warrant enforcement.

It would appear that the lack of any evidence as to the underly-

ing enforceability or unenforceability of the arbitration agreement stems from the fact that neither appellee nor appellant ever raised "arbitration" as a possible remedy in the instant action at law. "Arbitration," as a viable issue in the case, first appears in the trial court's sua sponte order of dismissal. The trial court's order of dismissal was presumably based on a perceived lack of jurisdiction. It is true that OCGA § 9-11-12 (h) (3) provides that "[w]henever it appears, by suggestion of the parties or otherwise, that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." It is also true that "[t]he Federal Arbitration Act was intended to avoid the common law rule that an agreement between parties to settle any dispute between them by arbitration is against public policy and void as an effort to oust the courts of jurisdiction" and that, in a case controlled by the federal law, " 'the state law and policy with respect thereto must yield to the paramount federal law. [Cit.]' [Cit.]" CCC Bldrs. v. City Council, supra at 591-592. As discussed above, however, on the record before us, we find nothing which would support a determination by the trial court that it lacks jurisdiction over appellee's complaint merely by virtue of the existence of the arbitration agreement.

Accordingly, the trial court's order dismissing appellee's complaint and directing the parties to arbitrate is reversed. Our holding is based solely on the state of the existing record and should not be construed as proscribing a future ruling by the trial court on the merits of any arbitration issue should it become necessary. See generally Local Div. 732 &c. Union v. MARTA, 253 Ga. 219 (320 SE2d 742) (1984).

2. Appellant further contends that the trial court erred in denying its motion for summary judgment.

For the trial court to rule on a motion which is designed to address the merits of an action is seemingly inconsistent with a simultaneous ruling which ostensibly dismisses that action for lack of jurisdiction. It would appear from the wording of the trial court's order, however, that it, in fact, never intended to make a definitive ruling on the merits of any of those specific issues raised in appellant's motion. It appears instead that the trial court used the pending motion for summary judgment as a procedural vehicle and merely denied that motion as an ancillary but superfluous ruling to its broader sua sponte ruling dismissing the entire action. The result of our holding in Division 1 is to return the case to the trial court where the relative merits of the case, including those issues raised in appellant's motion for summary judgment, may be addressed. The merits of appellant's motion never having been definitively addressed, we find no independent basis for reversing the trial court's "denial" of that motion in the context of the instant appeal.

3. The order of the trial court is affirmed as to the "denial" of

appellant's motion for summary judgment. The order of the trial court is reversed as to the dismissal of appellant's complaint and the direction for arbitration.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 29, 1986.

*M. Tyus Butler, Jr.,* for appellant.
*Thomas J. Mahoney, Susan C. Herring,* for appellee.