S02A0641. GRADY COUNTY BOARD OF EDUCATION
v. HICKERSON.
(571 SE2d 391)

SEARS, Presiding Justice.

The appellant, the Grady County Board of Education (the Board), terminated the employment of the appellee, Michael Hickerson, as superintendent of the Grady County school system, and on review, an independent tribunal found that the termination was without cause. The Board failed to affirm or reverse the tribunal's

decision, and Hickerson filed this mandamus action seeking a ruling that the Board was required to make such a decision. The trial court agreed with Hickerson, and the Board has now filed this appeal.

Contrary to the Board's contention, Hickerson had the right to file a mandamus action to seek to enforce the Board's alleged obligations in this case.[1] Moreover, having reviewed the record, we conclude that it supports the trial court's ruling that the parties agreed to incorporate and use the procedures of OCGA § 20-2-940 for the purposes of Hickerson's termination.[2] In this regard, because the trial court interpreted the parties' agreement to include those procedures, and because the trial court did not rule that they apply as a matter of law to disputes between superintendents and school systems, the trial court did not violate the directive of OCGA § 20-2-101 (f) that the terms and conditions of a superintendent's employment by a school system are governed by the parties' contract. Finally, because Hickerson must exhaust the administrative remedies made available to him under the contract before pursuing a claim in superior court,[3] the trial court did not err in ordering the Board to issue a decision affirming or reversing the tribunal's decision.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 15, 2002.

*Lehman & Cauley, Thomas L. Lehman*, for appellant.
*Adams, Hemingway & Wilson, F. Bradford Wilson, Jr.*, for appellee.

---

[1] *CCC Builders v. City Council of Augusta*, 237 Ga. 589, 591 (229 SE2d 349) (1976).
[2] Those procedures include a requirement that, after an employment decision by a tribunal, a local board of education must issue a ruling on the tribunal's decision within ten days of the board's receipt of the transcript of the hearing before the tribunal. OCGA § 20-2-940 (f).
[3] See *Arp v. Bremen Bd. of Ed.*, 171 Ga. App. 560 (320 SE2d 397) (1984).