# Court of Appeals
# of the State of Georgia

ATLANTA,    May 02, 2016

*The Court of Appeals hereby passes the following order:*

**A16A1533. THE CITY OF BYRON, GEORGIA et al. v. THE CITY OF WARNER ROBINS, GEORGIA.**

The City of Warner Robins, Georgia ("Warner Robins") filed suit against the City of Byron, Georgia and several other defendants seeking *inter alia* mandamus relief requiring the City of Byron to comply with an inter-governmental agreement regarding the provision of wastewater services. Warner Robins moved for summary judgment, and the trial court granted the motion. The defendants seek to appeal this ruling.

Under our Constitution, the Supreme Court has exclusive appellate jurisdiction over all cases involving extraordinary remedies, including mandamus. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (5); *Ladzinske v. Allen*, 280 Ga. 264 (626 SE2d 83) (2006) ("'[C]ases involving the grant or denial of mandamus are within the exclusive jurisdiction of [the Supreme] Court without regard to the underlying subject matter or the legal issues raised.'") Here, although the trial court did not employ the word "mandamus," its order granting summary judgment could be construed as one granting mandamus relief. See, e. g., *CCC Builders, Inc. v. City Council of Augusta*, 237 Ga. 589, 591 (229 SE2d 349) (1976) (a municipality may be compelled to perform contractual duties either through an action for mandamus relief or a claim for specific performance); *Forest City Gun Club v. Chatham County*., 280 Ga. App. 219, 220 (633 SE2d 623) (2006) (orders are construed according to substance rather than nomenclature).

Because it appears this case may involve the grant of mandamus relief, it is hereby TRANSFERRED to the Supreme Court for disposition. See *Saxton v. Coastal*

*Dialysis &c.*, 267 Ga. 177, 178 (476 SE2d 587) (1996) (Supreme Court has the ultimate responsibility for determining appellate jurisdiction).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____05/02/2016_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*