## 53064. D. I. CORBETT ELECTRIC, INC. v. VENTURE CONSTRUCTION COMPANY.

STOLZ, Judge.

The appellant sued the appellee for the amount allegedly due on a construction subcontract. The appellant, an electrical and heating/air conditioning subcontractor, entered into a contract with the appellee, a general contractor, to do electrical and heating/air conditioning work on an apartment complex. Their contract said, "Final payment shall be made within 30 days after the completion of the work included in this subcontract, written acceptance of same by the Architect and Owner, or their authorized representatives, and full payment therefor by the owner." In its case in chief, the

appellant did not introduce evidence either of written acceptance by the architect and owner or of full payment by the owner. Holding that such acceptance and payment were conditions precedent to the appellant's remuneration under the contract, a verdict in the appellee's favor was directed by the trial judge, from which judgment the appellant appeals.

1. The appellant first contends that acceptance and payment under the contract are not conditions precedent to final payment for the appellant, but merely set a time for him to be paid. In a case dealing with an almost identical contractual provision, *Peacock Const. Co. v. West,* 111 Ga. App. 604 (142 SE2d 332) (1965), this court held the appellant's argument to be meritless, stating that "the plain and unambiguous language of the agreement" made the terms in issue conditions precedent to the appellee's liability for final payment of the contract price. 111 Ga. App. at 606.

2. The appellant did offer in evidence, however, a letter, which it claims was sufficient to present a jury issue. The material portion of this letter from the appellee to the appellant reads, "For future payments on each of the above referenced Subcontracts, our invoicing will need to be handled in such a manner that we pay for a complete building with each invoice and make only three payments per building; the first being for roughing for which a roughing inspection will be necessary; the second being for trim for which a final inspection will be necessary; and the third being for release of retainage which will be done in a reasonable length of time after all punch out work is completed on a per building basis."

The appellant first claims that the letter explains an alleged ambiguity in the contractual provision in issue. Under our holding in Division 1 of this opinion, however, the agreement is unambiguous. One can not make an unambiguous contract ambiguous by the introduction of extraneous evidence. *Houston v. Jefferson Standard Life Ins. Co.,* 119 Ga. App. 729, 732 (168 SE2d 843) (1969); see *Mergenthaler Linotype Co. v. Glover Printing &c. Co.,* 58 Ga. App. 634 (199 SE 756) (1938).

The appellant also contends that the letter in issue amounted to a waiver by the appellee of his rights under

the contract, or at least presented a factual question for jury resolution as to the issue of waiver vel non. "Waiver is essentially a matter of intent . . ., and the evidence relied upon to prove a waiver must be so clearly indicative of an intent to relinquish a then known particular right or benefit as to exclude any other reasonable explanation." *Plumer v. Continental Cas. Co.,* 12 Ga. App. 594 (2) (77 SE 917) (1913); see *Monroe Motor Express v. Jackson,* 74 Ga. App. 148, 157 (38 SE2d 863) (1946). We hold that neither the letter nor any other evidence clearly indicates an intent to relinquish the appellee's rights to written acceptance and final payment before remuneration is made to the appellant. Therefore, the letter can not constitute a waiver of the contractual terms.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

Argued November 1, 1976 — Decided November 30, 1976.

*Smith, Currie & Hancock, Kent P. Smith, Robert D. Marshall,* for appellant.

*Huie, Ware, Sterne, Brown & Ide, C. Wilson Dubose, Terrence L. Croft,* for appellee.