76113. ST. PAUL FIRE & MARINE INSURANCE COMPANY et al. v. GEORGIA INTERSTATE ELECTRIC COMPANY.
(370 SE2d 829)

BEASLEY, Judge.

St. Paul, surety on the payment bond, and Atlantic States Construction, Inc., general contractor and principal on the bond, appeal the denial of their motions for directed verdict and j.n.o.v. Georgia Interstate Electric Company, the electrical subcontractor on the Waycross Wastewater Treatment Plant, had sued the surety on the bond and the general contractor under the subcontract.

The subcontractor performed pursuant to a written subcontract which contained in Article VIII a changes clause providing for extra work not originally contained in the project but authorized by the engineer as provided therein. It stated: "If after receipt of such estimate, Contractor gives Subcontractor written authority for such extra work and for adjustment of Subcontract price in accordance with such estimate, Subcontractor shall perform such extra work and the Subcontract price shall be adjusted by the amount set forth in such estimate, *provided that no payment shall be due Subcontractor for such changed or extra work until Contractor has received payment from the Owner for said changed or extra work performed by Subcontractor.*"

The subcontractor made its claim under this provision contending that, although it had not obtained written authorization for any of the work at issue, all of it was "emergency work" which could be performed pursuant to Article VIII without prior written authorization. The surety and general contractor defended, based on the subcontractor's failure to comply with conditions precedent to its recovery, i.e., failure to get written approval for the work and failure to show that the contractor had been paid for the work by the owner, triggering the subcontractor's right to payment. There was no evidence that any payment had been made to the contractor by the owner for any of this work. In fact, the engineer had denied approval of some of the work, effectively denying payment.

A directed verdict is demanded when there is no conflict in the evidence as to any material issue and a particular verdict is demanded as a matter of law. OCGA § 9-11-50 (a); *Brown v. Phillips,*

178 Ga. App. 316 (1) (342 SE2d 786) (1986). While there were conflicts in the evidence as to whether certain of the work was "emergency" or orally approved by the engineer, these conflicts do not preclude a directed verdict or j.n.o.v. as there was no factual conflict concerning payment by the owner. *Hawkins v. Greenberg*, 159 Ga. App. 302, 305 (1) (283 SE2d 301) (1981). This issue precludes plaintiff's recovery even accepting its version of all other facts.

"A provision in a contract may make payment by the owner a condition precedent to a subcontractor's right to payment if 'the contract between the general contractor and the subcontractor should contain an express condition clearly showing that to be the intention of the parties.' [Cit.] The condition is clearly expressed in this subcontract." *Sasser & Co. v. Griffin*, 133 Ga. App. 83, 86 (2) (210 SE2d 34) (1974); *Jerome Distrib. v. B. L. I. Constr.*, 142 Ga. App. 776, 777 (1) (237 SE2d 13) (1977); *D. I. Corbett Elec. v. Venture Constr.*, 140 Ga. App. 586, 587 (1) (231 SE2d 536) (1976); see *Peacock Constr. v. West*, 111 Ga. App. 604, 606 (142 SE2d 332) (1965).

The contractor and surety were therefore entitled to a j.n.o.v., having made their motions for directed verdict on this ground. The trial court is directed to enter judgment for defendants.

*Judgment reversed with direction. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JUNE 21, 1988.

*Ezra B. Jones III*, for appellants.
*Benjamin Smith, Jr.*, for appellee.